(Decided 2nd July, 1873.)

---

THE MONUMENTAL PERMANENT BUILDING AND LAND
SOCIETY OF BALTIMORE *vs.* JOHN C. LEWIN.

*Construction of a By-Law of a Building Society—Fines for the non-payment of Dues.*

A by-law of a Building Society, provided that, "If any person shall neglect, omit or refuse to pay his or her weekly dues at the time required hereby, he or she, as the case may be, shall be fined ten cents weekly, for each and every dollar remaining unpaid, * * * *. HELD.

That under the foregoing by-law, only one fine could be imposed for the non-payment of the weekly instalment as it fell due, and not repeated fines for every week that it may have been allowed to stand in arrear.

APPEAL from the Circuit Court of Baltimore City.

Elizabeth Kirk, a stockholder in the Monumental Permanent Building and Land Society of Baltimore, borrowed

therefrom the sum of $2400, upon a redemption of six shares of stock, and with her husband executed a mortgage of certain leasehold property in Baltimore city, as security for the repayment of the loan, with interest, &c., in weekly instalments of $3.77. The mortgage also contained a covenant to pay all fines imposed upon Mrs. Kirk by the mortgagee, in accordance with its by-laws. The appellee purchased the property in question, subject to the operation of the mortgage, and both he and the original mortgagors signified their approval of the appellant's charter and by-laws, by signing the same. The weekly instalments being over-due for three months, the appellant filed a petition to foreclose the mortgage, and a decree was accordingly passed for the sale of the mortgaged premises, and the same were sold. After the ratification of the sale, an account was stated by the auditor, in which he allowed the whole amount claimed by the appellant by its statement filed in the case, in which was included the sum of $381.36, for fines claimed by it. To this account the appellee, who had been made a party, filed exceptions, and, after a hearing, the Court, (PINKNEY, J.,) rejected the account so stated, and referred the case again to the auditor, who stated another account in which the appellant was allowed the sum of $25.23, for twenty-nine weeks' fines, instead of $381.36, the sum allowed in the previous account. In the second account the appellant was allowed only *one* fine at the rate provided in the by-law for default in the payment of each weekly instalment as it fell due, while in the first account he was allowed a fine for every week such instalment remained unpaid. The second account was finally ratified by the Court, and from the order of ratification the appeal was taken.

The appellant's charter, Act of 1868, ch. 255, by its fourth section, provides that "the corporation shall have power to enforce the payment of all instalments and other

dues due to the corporation from its members or stock-holders, by such fines and forfeitures as the directors may from time to. time provide in the by-laws;" and in the sixth section it provides, that in case of loans upon mort-gage, the mortgage shall be conditioned for the payment of the unpaid instalments on the shares redeemed, with interest on the sum advanced; "and all assessments, fines and penalties incurred according to the by-laws in respect thereof." The by-law of the appellant in contro-versy is as follows: "If any person shall neglect, omit or refuse to pay his or her weekly dues at the time required hereby, he or she, as the case may be, shall be fined ten cents weekly for each and every dollar remaining unpaid, and no person in arrears will be allowed to vote."

The cause was argued before BARTOL, C. J., STEWART, GRASON and ALVEY, J.

*John M. Carter,* for the appellant.

The by-law in this case admits of but one construction, namely: that placed upon it by the corporation in the statement of its claim, that a fine of ten cents shall be imposed every week upon each and every dollar of dues remaining unpaid.

The by-law in question having been passed in pur-suance of the authority contained in the charter, and assented to by the appellee, is as binding on him as any public law of the State; and, even though bad as against strangers, is good as a *contract* between him and the cor-poration. *Angell & Ames on Corp.,* secs. 325 *and* 342.

*Samuel Snowden,* for the appellee.

By the true construction of the by-law in question, the appellant is only entitled to charge *one* fine for each instalment as it becomes due, and cannot impose a fine for each and every week such instalment remains unpaid.

The evident intention of the Legislature in giving to the appellant the power to enforce the payment of the instalments as they fell due by such fines as it might provide for by its by-laws, was to enable it to compel the prompt payment of the instalments as they fell·due, but not to authorize it to make a by-law to impose a fine for a continuing default. The by-law in this case is fully gratified by the imposition of *one fine* for such default, and upon the imposition by the appellant, of one fine for the default in payment at the time the instalment falls due, the power to fine is exhausted, and it has no right to impose another fine for a continuance of the same default. Nor does the language of the by-law authorize fines for continuing defaults; only a fine of ten cents *weekly* on each and every dollar remaining unpaid is imposed for the neglect, omission or refusal of the person to pay his or her *weekly dues at the time required.* Manifestly meaning, that unless the instalments were paid at the time required, there should be a fine imposed upon the amount of the instalment which he should neglect to pay; any other construction would impose a fine not only for the neglect to pay the instalment *when required,* but for the non-payment of preceding instalments, because of the failure to pay the instalment when due, which would be most unreasonable and unjust. The by-law differs but little from the one in Shannon's case, 36 *Md.*, 383.

ALVEY, J., delivered the opinion of the Court:

We entirely agree with the learned Judge who decided this case in the Court below, that, by a fair construction of the by-law of the appellants imposing fines and forfeitures for the non-payment of weekly dues at the time required, the terms of such by-law will be reasonably gratified by the allowance of only the fine for default of payment of the weekly instalment *as it accrued due,* and not repeated fines for every week that it may have been

allowed to stand in arrear.   And while it is true that the by-law would appear to be susceptible of the more strict and rigid construction contended for by the appellants, yet we think it equally susceptible of the construction placed on it by the Court below ; and this latter construction accords with the opinion of this Court, as expressed in the case of *Shannon vs. The Howard Building Association*, 36 *Md.*, 383, in reference to a by-law of very similar import to that here involved.  .In point of principle, it would be difficult to distinguish the two cases, and we think the case in 36 Md. must govern this.

These associations should not expect of the Courts, and especially Courts of Equity, to indulge the severest construction of their by-laws, in reference to fines and forfeitures, that can be suggested ; particularly where it can be seen that such construction would operate with harshness and oppression upon the party in default.   At any rate, by the modes of computation adopted, the association is allowed to receive greatly more than the ordinary rates of interest, and that, with the summary proceedings devised for the foreclosure and extinguishment of the defaulting party's indebtedness, would seem to afford the association very ample protection.

Concurring with the Judge below, we shall affirm the order appealed from, and remand the cause.

*Order affirmed, and*
*cause remanded.*

(Decided 2nd July, 1873.)